_____

No. 95-2653MN
_____

Wallace G. Sanford,              *
                                 *
             Appellant,          *    Appeal from the United States
                                 *    District Court for the District
    v.                           *    of Minnesota.
                                 *
Bridgestone/Firestone, Inc.,     *    [UNPUBLISHED]
                                 *
             Appellee.           *
_____

                    Submitted:  March 15, 1996

                    Filed:  April 30, 1996
_____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
_____


PER CURIAM.


     Bridgestone/Firestone, Inc. (Firestone) employed Wallace G. Sanford
as an inside salesperson at Firestone's retail store in Rochester,
Minnesota.  When Firestone created a new position in wholesale and
commercial sales (the outside sales position), the company offered Sanford
the position and he accepted it.  Firestone later eliminated the outside
sales position and terminated Sanford.  Sanford then filed this action
against Firestone for breach of contract, negligence, and age
discrimination under the Minnesota Human Rights Act, see Minn. Stat. §
363.03, subd. 1(2)(b) (1994).  The district court granted Firestone summary
judgment on all the claims.  Sanford appeals only the grant of summary
judgment on his age discrimination claim.


     The district court correctly concluded Sanford did not make a prima
facie showing that Firestone terminated him from the outside sales position
based on his age.  See Feges v. Perkins Restaurants,

<u>Inc.</u>, 483 N.W.2d 701, 710-11 (Minn. 1992) (using framework set out in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05 (1973), for discrimination claim under Minnesota Human Rights Act). Sanford simply asserted he was qualified for the outside sales position and was terminated when he was fifty-one years old. Because it is undisputed that Firestone eliminated the outside sales position when Sanford was terminated, Sanford was required to present some additional evidence showing age was a factor in his termination, but Sanford failed to do so. <u>See</u> <u>Bashara v. Black Hills Corp.</u>, 26 F.3d 820, 823 (8th Cir. 1994).

Also, Sanford did not raise a genuine issue of fact on his contention that Firestone created the outside sales position and transferred Sanford to that position in order to terminate Sanford from his inside sales job. Firestone asserts that the company created the outside sales position to increase sales, offered Sanford the outside position because of Sanford's sales experience, and later eliminated the position because it was unprofitable. Sanford has not presented evidence that would allow a rational jury to conclude Firestone's assertions are simply a pretext for age discrimination. <u>See</u> <u>Lidge-Myrtil v. Deere & Co.</u>, 49 F.3d 1308, 1311-12 (8th Cir. 1995). Sanford points out that about two months after his termination, Firestone advertised for inside salespeople for the Rochester store, and although Sanford expressed interest in the job openings he was not hired. Firestone's failure to rehire Sanford does not show the company terminated him based on his age, and Sanford has not brought a discriminatory-failure-to-hire claim. Accordingly, summary judgment was proper.

Having reviewed Sanford's discrimination claim de novo, we affirm the summary judgment in favor of Firestone.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.